UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

TERENCE A. NELSON,

Plaintiff,

**CV-12 12 CIV. 5678**

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, ULTRA STORES, INC., doing business
as Ultra Diamonds at Tanger Outlet Center in Deer Park
New York, KASSANDRA MESSINA, KAREN BAHLER,
DETECTIVE WILLIAM HUDSON, DETECTIVE
RALPH RIVERA, DETECTIVE JOHN PETERSON, and
other unidentified members of the New York City Police
Department,

**COMPLAINT**

**JURY TRIAL DEMANDED**

Defendants. HURLEY, J.

--------------------------------------------------------------------- x


## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of

defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section

1983, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution, and the laws of the State of New York. Plaintiff was unlawfully arrested,

seized, imprisoned, detained, and maliciously prosecuted by defendants after lawfully shopping at

the Ultra Diamonds Store located at the Tanger Outlet Center located at 152 The Arches, Store #

1450, Deer Park, New York, 11729. Plaintiff was deprived of his constitutional and common

law rights when the individually named defendants unlawfully confined plaintiff, caused the

unjustifiable arrest of plaintiff, and maliciously prosecuted plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The plaintiff Terence Nelson further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5.      Plaintiffs TERENCE A. NELSON is a resident of the County of Suffolk, State of New York.

6.      Defendant DETECTIVE WILLIAM HUDSON is and was at all times relevant herein, an employee and agent of the Suffolk County Police Department and the County of Suffolk.

7.      Defendant DETECTIVE RALPH RIVERA is and was at all times relevant herein, an employee and agent of the Suffolk County Police Department and the County of Suffolk.

8.     Defendant DETECTIVE JOHN PETERSON is and was at all times relevant herein, an employee and agent of the Suffolk County Police Department and the County of Suffolk.

9.     Defendants Detectives William Hudson, Ralph Rivera, and John Peterson are being sued herein in their individual and official capacities.

10.     At all times relevant herein, Detectives William Hudson, Ralph Rivera, and John Peterson were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Suffolk County Police Department and the County of Suffolk, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the Suffolk County Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the Suffolk County Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the Suffolk County Police Department.

11.     The defendant COUNTY OF SUFFOLK (hereinafter "County") is a duly constituted corporation of the State of New York and is and was the named employer of the named police personnel.

12.     The defendant SUFFOLK COUNTY POLICE DEPARTMENT (hereinafter "Police Department") was and is an agency of the County of Suffolk.

13.     DEFENDANT COUNTY OF SUFFOLK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant County of Suffolk assumes the risks incidental to the maintenance of

- 3 -

a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the SUFFOLK COUNTY POLICE DEPARTMENT.

14.     Defendant ULTRA STORES, INC., doing business as Ultra Diamonds at Tanger Outlet Center in Deer Park New York, was and is a Delaware Corporation authorized to do business in the State of New York with its principal place of business in Suffolk County.

15.     Defendants KASSANDRA MESSINA and KAREN BAHLER are and were at all times relevant, store clerks, employees, and agents of defendant ULTRA STORES, INC.

16.     Defendants KASSANDRA MESSINA and KAREN BAHLER are being sued in their individual capacities.

17.     At all times relevant herein, the defendants KASSANDRA MESSINA and KAREN BAHLER were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant ULTRA STORES, Inc., and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

18.     Defendants KASSANDRA MESSINA and KAREN BAHLER acted in concert with defendants Detectives WILLIAM HUDSON, RALPH RIVERA, and JOHN PETERSON to deprive plaintiff of his constitutional rights.

19.     Defendants Detectives WILLIAM HUDSON, RALPH RIVERA, AND JOHN PETERSON falsely arrested plaintiff and relied upon false representations made by KASSANDRA MESSINA AND KAREN BAHLER even though the defendant police officers viewed an Ultra Diamond Store surveillance video that wholly contradicted the allegations made by defendants KASSANDRA MESSINA AND KAREN BAHLER.

- 4 -

20.     In the alternative, Defendants Detectives WILLIAM HUDSON, RALPH RIVERA, AND JOHN PETERSON arrested plaintiff based solely on the racially charged allegations and incorrect legal conclusions reached by defendants KASSANDRA MESSINA and KAREN BAHLER, without conducting an inquiry into whether the facts known to the defendants employed by KASSANDRA MESSINA AND KAREN BAHLER established probable cause to believe plaintiff had committed a crime.

21.     Defendants Detectives WILLIAM HUDSON, RALPH RIVERA, AND JOHN PETERSON conspired with defendants KASSANDRA MESSINA AND KAREN BAHLER to falsely arrest and maliciously prosecute plaintiff for crimes he did not commit.

22.     At all times relevant herein, Defendants KASSANDRA MESSINA AND KAREN BAHLER were acting for and on behalf of defendant ULTRA STORES, INC., with the power and authority vested in them as store clerks, agents and employees of defendant ULTRA STORES, INC. and incidental to the lawful pursuit of their duties as store clerks, supervisors, employees and agents of defendant Ultra Stores, Inc.

23.     Plaintiff, in furtherance of his State causes of action filed a timely Notice of Claim against the COUNTY OF SUFFOLK and the SUFFOLK COUNTY POLICE DEPARTMENT, in compliance with the Municipal Law Section 50.  The Notice of Claim was filed and served on or about January 25, 2012.

24.     More than thirty (30) days have elapsed since service of said Notice of Claim was filed and the COUNTY OF SUFFOLK and the SUFFOLK COUNTY POLICE DEPARTMENT have failed to pay or adjust the claim.

25.     The COUNTY OF SUFFOLK held a 50(H) hearing examination of plaintiff on or about March 27, 2012.

- 5 -

## STATEMENT OF FACTS

26.     On or about November 17, 2011 at approximately 10:50 a.m., plaintiff Terence A. Nelson, lawfully went to the Ultra Diamonds store located in the Tanger Outlet Center in deer Park, New York to have two diamond bands repaired that were previously purchased at the store.

27.     While plaintiff was at the Ultra Diamond store, defendant KASSANDRA MESSINA falsely claimed to have lost a piece of jewelry, and addressed plaintiff as if she was accusing him of stealing something.

28.     Defendant KASSANDRA MESSINA never overtly accused plaintiff of stealing while he was at the store.

29.     Plaintiff Terence A. Nelson completed his business at the store and left the store, without incident.

30.     Thereafter, plaintiff explained what had transpired in the store to his wife and his wife called the store to inquire whether the store had located the missing jewelry.

31.     Plaintiff's wife was told by defendant Ultra Stores' employees that plaintiff allegedly stole jewelry from the store, and that Suffolk County Police Detectives were looking for him.

32.     Upon learning said information from his wife, plaintiff immediately went to a Suffolk County Police Precinct to inquire about the incident and to clear his name.

33.     Ultimately, plaintiff was directed to the 1st Precinct of the Suffolk County Police Department where plaintiff waited for several hours, beginning at approximately 12:00 p.m. on November 17, 2011.

34.     Thereafter, the individually named police defendants falsely arrested plaintiff, without probable cause or legal justification.

35.     Upon information and belief, defendant Ultra Store, Inc. employees, accused plaintiff of stealing a diamond bracelet from the store.

36.     Importantly, however, defendant Ultra Store, Inc. employees version of events was not credible because it was racially charged, factually inconsistent, and inconsistent with the surveillance video in the store that was viewed by the defendant police Detectives who arrested claimant without probable cause.

37.     Upon viewing the surveillance video and listening to the Ultra Diamond Store employees' inconsistent and racially charged versions of events, a reasonable police officer should have recognized that the Ultra Diamonds store employees were lying about the allegations they made against plaintiff, and that plaintiff did not steal the diamond bracelet from the store.

38.     Additionally, based upon the language contained in the written statement provided to the Suffolk County Detectives by the defendant Ultra Diamonds store employees, it should have been clear to a reasonable police officer that the store employees allegations were racially motivated, false, and not based upon fact.

39.     Regardless of the exculpatory facts known to the Suffolk County Detectives at the time they arrested claimant, they proceeded to arrest claimant, without probable cause.

40.     Thereafter, the defendant Suffolk County Police Detectives and Ultra Store employees maliciously initiated a criminal prosecution against claimant, without probable

- 7 -

cause, by providing false information to the Suffolk County District Attorney's Office, which was the basis for instituting a criminal prosecution against plaintiff.

41.     Upon information and belief, less than twenty four (24) hours after claimant was arrested, the defendant Ultra Diamonds store employees who made the complaints to the police about claimant, contacted the police, and provided the police with a written statement, recanting the allegations they made the previous day and advising the police that the store located the bracelet that was allegedly stolen by plaintiff.

42.     Upon information and belief, plaintiff had not yet been arraigned in Court at the time the complainants recanted their version of events to the police.

43.     Nevertheless, the defendant Suffolk County Police Detectives failed to inform the Suffolk County District Attorney's Office that the complainants recanted their initial story and that plaintiff had not committed any crime.

44.     As a result of the officers' failure to notify the Suffolk County DA's Office that plaintiff had not committed the crime, coupled with the false information that they provided to the District Attorneys Office, plaintiff was arraigned and charged with felony Grand Larceny.

45.     Plaintiff was held in the custody of the Suffolk County Police overnight and was not released by the Court at arraignment until the following evening on November 18, 2011, approximately 30 hours after the unlawful detention began.

46.     Thereafter, on November 23, 2011 plaintiff appeared in Court and all criminal charges against him were dismissed in his favor.

47.     Plaintiff was held in police custody without cause or legal justification for approximately 30 hours before he saw a judge.

48. The individually named defendants maliciously initiated a prosecution against plaintiff without probable cause or legal justification

49. The individually named defendants falsified evidence and lied to the prosecutor and/or the judge about the basis for the arrest and prosecution of claimant.

50. The County of Suffolk was aware prior to the aforesaid incident that the officers who violated claimant's rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, the County of Suffolk declined to take remedial action.

51. As a result of the actions of officers' employed by the County of Suffolk plaintiff experienced personal and emotional injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

52. Additionally, plaintiff suffered economic damages, including but not limited to $3,010.00 in attorneys' fees related to the defense of the criminal charges.

53. Plaintiff's actions, as observed by the defendants employed by Ultra Stores, Inc., and as seen on the surveillance video, were wholly consistent with the actions of a lawful customer in a jewelry store.

54. The facts known to defendants at the time they arrested, detained, and/or accused plaintiff were not consistent with the facts necessary to establish probable cause to arrest someone for shoplifting or any related offense, as established by New York State law.

55. In the alternative, defendants Ultra Store employees did not tell defendants Suffolk County Police Detectives the facts that allegedly provided them a basis for believing plaintiff committed a crime.

56. In the alternative, Defendants Suffolk County Police Detectives neglected to inquire into whether the Ultra Stores employees were in possession of facts that established probable cause to arrest plaintiff.

57. In the alternative, defendants Suffolk County Police Detectives arrested plaintiff solely based upon the fact that defendant Ultra Stores employees claimed in a conclusory manner that plaintiff committed a crime.

58. Defendant Suffolk County Police Detectives failed to inquire into whether there was probable cause to believe plaintiff committed a crime because Ultra Stores, Inc., defendant County of Suffolk, and the Suffolk County Police Department had a prearranged plan, agreement, or conspiracy to arrest anyone identified by the store as a shoplifter, without further inquiry into the facts surrounding the legal allegation.

59. The prearranged plan, agreement, or conspiracy between Ultra Stores, Inc. and its employees and the Suffolk County Police Department and its employees was instituted because Ultra Stores, Inc. and the Suffolk County Police Department share a common goal of detaining individuals who are committing the crime of shoplifting.

60. The information provided to defendants Suffolk County Police Detectives by defendants Ultra Stores employees did not establish probable cause to arrest plaintiff for any crime.

61. Nevertheless, defendants Suffolk County Police Officers falsely arrested plaintiff.

62. The false arrest, false imprisonment, and malicious prosecution used by defendants caused plaintiff to sustain pain and suffering, as well as psychological and emotional trauma.

- 10 -

63. Throughout the entire ordeal, plaintiff complied with the orders of the defendants.

64. Plaintiff did not resist arrest.

65. Rather than inquire into the factual basis for arrests and detentions of individuals accused by Ultra Stores employees of shoplifting, defendant County of Suffolk and the Suffolk County Police Department have a policy, practice, or custom of relying upon Ultra Store's employees legal conclusions about whether there was probable cause to arrest a customer for shoplifting, rather than inquire into whether there are objective facts which could establish probable cause to arrest the customer.

66. There is a policy, practice or custom within the Suffolk County Police Department wherein Suffolk County Police Officers arrest individuals for shoplifting without first determining whether there is probable cause to arrest the individual.

67. Defendants County of Suffolk and the Suffolk County Police Department are deliberately indifferent to the fact that New York City Police Officers rely upon legal conclusions of employees of Ultra Store's Inc. and other stores where customers are accused of shoplifting, rather than inquire into whether the facts known to the security officer establish probable cause to arrest the customer.

68. As a result of defendant County of Suffolk's deliberate indifference about the fact that Suffolk County Police Officers routinely arrest customers of stores who are accused of shoplifting by store employees without knowing whether they actually have probable cause to arrest the individual, there is a pattern, policy, custom or practice of New York City Police Officers arresting individuals for shoplifting without probable cause.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth, Fifth Amendment and

## Fourteenth Amendment Rights

69.     The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 68 with the same force and effect as if more fully set forth at length herein.

70.     Defendants, who were acting in concert and within the scope of their authority, and arrested and caused plaintiff to be falsely imprisoned and maliciously prosecuted without probable cause and suppressed evidence, in violation of plaintiff's right to be free of an unreasonable seizure and his right to due process under the Fourth and Fifth Amendments of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.  Furthermore, defendants denied plaintiff his rights to be free of unreasonable searches and seizures under the Fourth Amendment of the Constitution of the United States when they searched plaintiffs without probable cause.

## SECOND CAUSE OF ACTION

## False Arrest

71.     The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 70 with the same force and effect as if more fully set forth at length herein.

- 12 -

72.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.   Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.   In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

73.     Defendants Suffolk County Police Detectives   were at all times agents, servants, and employees acting within the scope of their employment by the County of Suffolk and the Suffolk County Police Department, which are therefore responsible for their conduct.

74.     The County of Suffolk, as the employer of the police officer defendants, is responsible for their wrongdoing  under the doctrine of respondeat superior.

75.     Defendants KASSANDRA MESSINA AND KAREN BAHLER were at all times agents, servants, and employees acting within the scope of their employment by defendant Ultra Stores, Inc., which is therefore responsible for their conduct.

76.     Ultra Stores, Inc., as the employer of KASSANDRA MESSINA AND KAREN BAHLER, is responsible for their wrongdoing under the doctrine of respondeat superior.

77.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

78.     The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 77 with the same force and effect as if more fully set forth at length herein.

79.     Ultra Stores, Inc. and the County of Suffolk and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties and duties as Ultra Store employees on November 17, 2011.

80.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

## Failure to Intervene

81.     The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers and other store employees.

83.     Defendants failed to intervene to prevent the unlawful conduct described herein.

- 14 -

84.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of their safety, and he was humiliated and subject to false arrest, malicious prosecution, and other physical constraints.

85.     Defendants Suffolk County Police Detectives were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

86.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

87.     Defendants Ultra Stores employees were at all times agents, servants, and employees acting within the scope of their employment by the Ultra Stores, Inc., which are therefore responsible for their conduct.

88.     Ultra Stores, Inc. as the employer of the Ultra Store's employee defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

89.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Negligence

90.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 89 with the same force and effect as if more fully set forth at length herein.

91.     Defendants owed a duty of care to plaintiff.

- 15 -

92.     Defendants breached that duty of care by unlawfully seizing, falsely imprisoning and maliciously prosecuting plaintiff.

93.     As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

94.     All of the foregoing occurred without any fault or provocation by plaintiff.

95.     Defendants Suffolk County Police Detectives were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

96.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

97.     Defendants Ultra Stores employees were at all times agents, servants, and employees acting within the scope of their employment by the Ultra Stores, Inc., which are therefore responsible for their conduct.

98.     Ultra Stores, Inc. as the employer of the Ultra Store's employee defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

99.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

100.    The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 99 with the same force and effect as if more fully set forth at length herein.

- 16 -

101.    By the actions described herein, defendants each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

102.    As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

103.    Defendants Suffolk County Police Detectives were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

104.    The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

105.    Defendants Ultra Stores employees were at all times agents, servants, and employees acting within the scope of their employment by the Ultra Stores, Inc., which are therefore responsible for their conduct.

106.    Ultra Stores, Inc. as the employer of the Ultra Store's employee defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

107.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

- 17 -

## SEVENTH CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983

108.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 107 with the same force and effect as if more fully set forth at length herein.

109.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant County of Suffolk, which is forbidden by the Constitution of the United States.

110.   The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to, arresting individuals for shoplifting and related offenses without probable cause, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

111.   The aforementioned customs, policies, usages, practices, procedures and rules of defendant County of Suffolk and the Suffolk County Police Department were the moving force behind the violation of plaintiff's constitutional rights as described herein.  As a result of the failure of defendants County of Suffolk and the Suffolk County Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant Suffolk County Police Department has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

112.   The foregoing customs, policies, usages, practices, procedures and rules of defendant County of Suffolk and the Suffolk County Police Department were the moving force behind the Constitutional violations suffered by plaintiff's as alleged herein.

- 18 -

113.    The foregoing customs, policies, usages, practices, procedures and rules of defendant County of Suffolk and the Suffolk County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff's as alleged herein.

114.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the County of Suffolk and the Suffolk County Police Department, plaintiff was unlawfully arrested and maliciously prosecuted.

115.    Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

116.    Plaintiff hereby demands a trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $2,000,000 against the individual defendants, the County of Suffolk, and Ultra Store's Inc. jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a.      That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.      That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated:      New York, New York
            November 16, 2012

By:     _____
        DAVID M. HAZAN, ESQ.
        JACOBS & HAZAN, LLP
        Attorneys for Plaintiff
        11 Park Place, 10th Floor
        New York, NY 10007
        (212) 577-2690