**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
TERENCE A. NELSON,

                        Plaintiff,

          - against -

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT,
DETECTIVE WILLIAM HUDSON,
DETECTIVE RALPH RIVERA, and
DETECTIVE JOHN PETERSON,

                        Defendants.
----------------------------------------------------------X

**ORDER**

12-CV-5678 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Presently before the Court in this civil rights action brought pursuant to 42 U.S.C. § 1983 is (1) Defendants' letter motion to compel Plaintiff to appear for a deposition [DE 29], and (2) Plaintiff's letter motion to compel Defendants to produce outstanding discovery and to impose sanctions [DE 30]. For the reasons set forth in this Order, Defendants' motion is GRANTED, and Plaintiff's motion is GRANTED, in part, and DENIED, in part.

**II.    RELEVANT BACKGROUND**

On July 13, 2015, the Court conducted a Pre-Trial Conference in this matter and learned that, contrary to counsels' representations to Judge Hurley that discovery had been completed, *see* DE 20, that statement was far from accurate. *See* DE 26. Plaintiff's counsel objected to multiple exhibits listed by Defendants' counsel in the proposed Joint Pre-Trial Order ("JPTO") on the grounds that these documents were never produced during discovery and were not disclosed in

Defendants' Fed. R. Civ. P. 26(a) Initial Disclosures. *See* DE 26 ¶ 2.[1] Moreover, Defendants' counsel announced at the conference that she had not yet taken the Plaintiff's deposition, even though that examination had been noticed for *March 8, 2013*. *See id.* ¶ 3.

In light of these revelations, the Court directed the parties to conduct a further meet-and-confer to resolve (1) Plaintiff's objections to the inclusion of exhibits which he claimed had not previously been disclosed by Defendants' counsel during discovery, and (2) the issue of Plaintiff's deposition having not been undertaken prior to the close of discovery. *See id.* ¶¶ 2-3. The Court further stated that any unresolved issues must be brought to the Court's attention by letter motion filed no later than September 15, 2015. *See id.*

On August 7, 2015, Plaintiff filed an eight-page letter motion, along with an accompanying 24-page affidavit with exhibits, seeking, *inter alia*, (1) to compel Defendants to produce all outstanding discovery which had not been previously disclosed, and (2) to impose sanctions against Defendants under Fed. R. Civ. P. 37 based on purported discovery violations. *See* DE 27-DE 28. The Court denied Plaintiff's motion, without prejudice and with leave to renew, on the grounds that the submission did not comply with the Court's Individual Rules. *See* Aug. 7, 2015 Elec. Order.

---

[1]  As relevant here, Plaintiff's counsel objected to the following exhibits Defendants listed in the JPTO: (1) Suffolk County Police Department ("SCPD") Arrest Paperwork under cc# 11-652165 (Exhibit A); (2) Suffolk County District Attorney file of Plaintiff's prosecution (Exhibit B); (3) Suffolk County First District Court file of Plaintiff's prosecution (Exhibit C); (4) Plaintiff's records from the New York State Department of Correction (Exhibit D); (5) Plaintiff's records from the New York City Department of Correction (Exhibit E); (6) a photo of Ultra Diamonds (Exhibit G); (7) Plaintiff's mugshots (Exhibit I); (8) SCPD Communication Bureau recordings of radio transmissions related to Plaintiff's arrest (Exhibit K); and (9) SCPD Internal Affairs Bureau file #2012-106i (Exhibit L). JPTO [DE 23], at 7-10.

After the Court denied Plaintiff's motion, Defendants' counsel filed a letter motion on August 18, 2015 to compel Plaintiff to appear for a deposition. DE 29. Defendants' counsel states in her motion that, after the parties met and conferred by telephone regarding Plaintiff's deposition, Defendants' counsel sent Plaintiff's counsel a letter proposing possible dates for the deposition. *See id.* at 1-2. Plaintiff's counsel did not respond to the letter and, instead, filed the aforementioned motion to compel and for sanctions. *See id.* at 2. According to Defendants' counsel, the fact that Plaintiff's counsel had filed a motion for sanctions "while failing to readily provide [D]efendant with a deposition date readily indicates that [P]laintiff will not voluntarily appear for a deposition, and . . . Court intervention is needed." *Id.*

Plaintiff's counsel did not file any opposition to Defendants' motion to compel. However, on August 21, 2015, counsel refiled his motion to compel and for sanctions, this time as a three-page letter motion with an accompanying 24-page affidavit with exhibits. *See* DE 30, 31. Plaintiff's counsel states in his motion that, although Defendants' counsel agreed during the meet-and-confer to provide Exhibits A, B, C, D, E, G, I, K, and L listed in the JPTO, she did not indicate when this outstanding discovery would be produced. DE 30 at 2. Plaintiff's counsel therefore requests that the Court issue an Order (1) compelling Defendants' counsel to produce all outstanding discovery to Plaintiff "by a date certain," and (2) sanctioning Defendants by requiring them to pay Plaintiff's attorneys' fees and expenses related to counsel's appearance at the July 13, 2015 Pre-Trial Conference, conducting the subsequent meet-and-confer with Defendants' counsel, and preparing the instant motion. *See id.* at 2-3.

Defendants oppose Plaintiff's motion. *See* DE 32. In her opposition, Defendants' counsel states that, following the meet-and-confer, she sent Plaintiff's counsel a copy of (1) the unsealed SCPD file (Exhibit A); (2) a proposed unsealing order for the Suffolk County District Attorney's

file (Exhibit B); (3) the unsealed Suffolk County District Court file (Exhibit C); (4) the photos from Ultra Diamonds (Exhibit G); (5) Plaintiff's mugshots (Exhibit I); and (6) recordings of radio transmissions relating to Plaintiff's arrest (Exhibit K). *See id.* at 2, 2 n.4. Defendants' counsel also forwarded Plaintiff's counsel a proposed Stipulation and Order of Confidentiality relating to the disclosure of the Internal Affairs Bureau file (Exhibit L). *See id.* at 2.

### III. DISCUSSION

Having reviewed the parties' submissions in light of the circumstances of this case, the Court is GRANTING Defendants' motion to compel Plaintiff to appear for a deposition [DE 29]. The Court points out that Defendants apparently served a notice of deposition on Plaintiff's counsel on February 5, 2013, more than two years prior to the Pre-Trial Conference before this Court. *See* DE 29-1. Plaintiff's counsel also has not filed any opposition to Defendants' motion to compel. Accordingly, the Court hereby orders Plaintiff Terence A. Nelson to present himself for a deposition no later than April 29, 2016. This deposition is to be treated as a "Court-ordered" deposition and is not to be adjourned under any circumstances without prior authorization from the Court.

The Court further directs the parties to enter into a Stipulation and Order of Confidentiality (one that is mutually agreeable) immediately. The Stipulation is to be filed on ECF within ten (10) days of the entry of this Order.

As for Plaintiff's motion to compel and to impose sanctions [DE 30], this motion is still not in compliance with the Court's Individual Rules. In particular, the submission of a separate, multi-page affidavit along with a letter motion essentially circumvents the Court's letter motion limitation rules, is improper, and normally would warrant the motion being rejected for a second time. Given the nature of Plaintiff's arguments and the actual relief sought, Plaintiff's motion

should have been brought as a formal motion under the Federal Rules of Civil Procedure. The motion as presented (with an attached affidavit and multiple exhibits) undermines the very purpose of letter motions. However, in light of the extensive delays so far in this case, the Court will proceed to issue a decision on Plaintiff's motion notwithstanding the procedural irregularities.

Plaintiff's motion is GRANTED, in part, to the extent it seeks to compel Defendants to produce the outstanding exhibits listed in the JPTO. To the extent Defendants' counsel has not produced the following exhibits set forth in the JPTO, she is directed to do so within one (1) week after the parties' Stipulation and Order of Confidentiality is filed on ECF: (1) SCPD Arrest Paperwork under cc#11-652165 (Exhibit A); (2) Suffolk County District Attorney file of Plaintiff's prosecution (Exhibit B); (3) Suffolk County First District Court file of Plaintiff's prosecution (Exhibit C); (4) Plaintiff's records from the New York State Department of Correction (Exhibit D); (5) Plaintiff's records from the New York City Department of Correction (Exhibit E); (6) Photo of Ultra Diamonds (Exhibit G); (7) Plaintiff's mugshots (Exhibit I); (8) SCPD Communication Bureau recordings of radio transmissions related to Plaintiff's arrest (Exhibit K); and (9) SCPD Internal Affairs Bureau file #2012-106i (Exhibit L). It appears that some of these exhibits have already been produced by Defendants' counsel. Moreover, to the extent Plaintiff's counsel is required to sign an unsealing order before he can receive a copy of the Suffolk County District Attorney's file, he is to sign that order and forthwith return it to Defendants' counsel immediately.

The Court further directs that the JPTO be amended. Specifically and as discussed during the Pre-Trial Conference, the exhibit list is to be revised to reflect each individual document or other evidentiary material which Defendants' counsel intends to introduce at trial or intends to have available for trial, instead of grouping the exhibits by folders as reflected in the current

version of the JPTO.² As the Court sees it, this directive applies, at a minimum, to Exhibit A (SCPD Arrest Paperwork); Exhibit B (District Attorney file); (3) Exhibit C (District Court file); (4) Exhibit D (New York State Department of Correction records); (5) Exhibit E (New York City Department of Correction records); (6) Exhibit K (SCPD radio transmissions); and (7) Exhibit L (Internal Affairs Bureau file).

The amended JPTO is to be filed on ECF by May 18, 2016. If upon review of the amended JPTO, the Court finds it substantially complies with Judge Hurley's Individual Rules, the Court will certify this case over to Judge Hurley as trial-ready.

Finally, having reviewed all of the circumstances set forth in the parties' submissions as well as the docket history of this case, the Court declines to award sanctions to Plaintiff at this time. Accordingly, Plaintiff's motion [DE 30] is DENIED, in part, to the extent it seeks the imposition of sanctions against Defendants pursuant to Fed. R. Civ. P. 37.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to compel is GRANTED, and Plaintiff's motion to compel and to impose sanctions is GRANTED, in part, and DENIED, in part, to the extent set forth in this Order.

**SO ORDERED.**

Dated: Central Islip, New York
       March 21, 2016

                              /s/ A. Kathleen Tomlinson
                              A. KATHLEEN TOMLINSON
                              U.S. Magistrate Judge

---

²     For example, Exhibit A must be broken down into the specific documents which comprise the "Arrest Paperwork under cc# 11-652165" so that each document is identified and labeled as a separate exhibit.