UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERENCE A. NELSON,

                                                                    Plaintiff,

                        -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, DETECTIVE WILLIAM
HUDSON, AND DETECTIVE RALPH RIVERA,

                                                                    Defendants.

**PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S
MEMORANDUM AND ORDER GRANTING,
IN PART, DEFENDANTS' POST-TRIAL
MOTION SEEKING JUDGMENT AS A
MATTER of LAW OR A NEW TRIAL,
PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE 50(B) AND 59**

*JACOBS & HAZAN, LLP*
*Attorneys for Plaintiff*
*30 Vesey Street, 4th Floor*
*New York, N.Y. 10007*

*By: David M. Hazan, Esq.*
*Tel: (212) 577-2690*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT……………………………………………………………………1

STANDARD OF REVIEW FOR RECONSIDERATION………………………………………………………………….,.,..,…3

ARGUMENT

POINT I

THE COURT MUST UPHOLD THE JURY'S SEPERATE AWARD OFPUNITIVE DAMAGES AGAINST EACH INDIVIDUAL DEFENDANT OR IN THE ALTERNITIVE DETERMINE AN APPROPRIATE REMITTUR OF PUNITIVE DAMAGES FOR EACH INDIVIDUAL DEFENDANT SO THAT THE JUDGMENT CAN BE AMENDED TO REFLECT THE PUNATIVE DAMAGES ASSESSED AGAINST EACH DEFENDANT…………………………………………………………………..3

**A. Punitive Damages Award Against Detective Hudson………………………………..6**

B. **Punitive Damages Award Against Detective Rivera…………………………………6**

C. **The Jury's Punitive Damages Award in This Case Does Not Shock the Conscience and Should be Upheld Given Second Circuit Precedent………………………………….8**

POINT II

THE COURT ERRED IN USING THE RATIO BETWEEN COMPENSATORY AND PUNATIVE DAMAGES AS ITS PRIMARY METHOD FOR CALCULATING A PUNATIVE DAMAGES AWARD RGAR DOES NOT "SHOCK THE CONSCIENCE ANDVCONSTITUTE A DENIAL OF JUSTICE…………………….…………………..9

CONCLUSION…………………………………………………..........................12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

| | |
|---|---|
| TERENCE A. NELSON,<br><br>                                    Plaintiff,<br><br>          -against-<br><br>COUNTY OF SUFFOLK, DETECTIVE WILLIAM HUDSON, AND DETECTIVE RALPH RIVERA,<br><br><br><br>                                  Defendants. | **PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MEMORANDUM AND ORDER GRANTING, IN PART, DEFENDANTS' POST-TRIAL MOTION SEEKING JUDGMENT ASA MATTER of LAW OR A NEW TRIAL, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 50(B) AND 59**.<br><br>12-CV-5678 (DRH)(AKT) |

## PRELIMINARY STATEMENT

At the conclusion of the trial of this matter, the jury returned a verdict in favor of the plaintiff Terence Nelson ("Plaintiff' or "Nelson") and against defendants Detective William Hudson ("Hudson") and Detective Ralph Rivera ("Rivera") (together "Defendants") on each of the claims presented, viz. federal civil rights claims for false arrest, malicious prosecution and denial of a fair trial/due process and state law claims for false arrest and malicious prosecution. The jury awarded Plaintiff total compensatory damages of $7,000.00 and $20,000.00 in punitive damages against Hudson and $30,000.00 in punitive damages against Rivera. Defendants' filed a post-trial motion seeking judgment as a matter of law or a new trial, pursuant to Federal Rules of Civil Procedure 50(b) and 59. By Memorandum and Order dated August 22, 2019 this Court granted Defendants' motion pursuant to Fed. R. Civ. Pro 50 and 59 "only to the extent that Defendants are granted a new trial on punitive damages unless Plaintiff accepts a reduced punitive damages award totaling $21,000.00; it is otherwise denied." Plaintiff now moves

pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration regarding the portion of the Court's decision granting Defendants a new trial on punitive damages unless Plaintiff accepts a reduced damages award totaling $21,0000.0 because (1) in determining whether the punitive damages awards awarded by the jury were excessive the Court erroneously analyzed whether the total punitive damages awarded to plaintiff was excessive instead of whether the punitive damages assessed against each individual defendant were for amounts that were so high as to shock the judicial conscience and constitute a denial of justice; and (2) the Court erroneously used the ratio between the award to plaintiff for compensatory damages and the award of punitive damages as its primary method for calculating a punitive damages award that does not "shock the conscience" and constitute a denial of justice. Plaintiff respectfully requests that the Court reconsider the portion of its August 22, 2019, only to the extent that Defendants are granted a new trial on punitive damages unless Plaintiff accepts a reduced punitive damages award totaling $21,000.00; and uphold the jury's award of punitive damages of $20,000.00 in punitive damages against Hudson and $30,000.00 in punitive damages against Rivera.

## STANDARD OF REVIEW FOR RECONSIDERATION

Civil motions for reconsideration in the Eastern District of New York are governed by the analogous standards imposed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. *U.S. v. James,* No. 02 CR. 0778, 2007 U.S. Dist. LEXIS 25862, at *3 (E.D.N.Y. Mar. 21, 2007). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d cir. 1995). Reconsideration is also appropriate if there is an intervening change in controlling law, new

evidence or the need to correct clear error or manifest injustice. *Doe v. New York City Dep't of Social Servs.,* 709 F.2d 782, 789 (2d Cir. 1983); *Bay Casino, LLC v. M/V Royal Empress*, No. 98-CV-2333 (SJ), 1998 U.S. Dist. LEXIS 19713, at *1 (E.D.N.Y. Aug. 21, 1998).

Local Civil Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered. *See Caleb & Co. v. E.I. Du Pont De Numours & Co.,* 624 F. Supp. 747, 748 (S.D.N.Y. 1985). In deciding a Local Rule 6.3 motion, courts will not allow a party to use the motion as a substitute for an appeal from a final judgment. *See Morser v. A.T. & T. Info. Sys.,* 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt,* 649 F. Supp. 1547, 1548 (S.D.N.Y. 1986). Accordingly, a party in its motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86-CV-6447(JMC), 1989 U.S. Dist. LEXIS 9145, at *3 (S.D.N.Y. Aug. 4, 1989).

## ARGUMENT

### POINT I

**THE COURT MUST UPHOLD THE JURY'S SEPARATE AWARD OF PUNITIVE DAMAGES AGAINST EACH INDIVIDUAL DEFENDANT OR IN THE ALTERNATIVE DETERMINE AN APPROPRIATE REMITTUR OF PUNITIVE DAMAGES FOR EACH INDIVIDUAL DEFENDANT SO THAT THE JUDGMENT CAN BE AMENDED TO REFLECT THE PUNATIVE DAMAGES <u>ASSESSED AGAINST EACH DEFENDANT.</u>**

The Court in this case failed to analyze separately whether each of the punitive damages awards assessed by the jury against each individual defendant were for amounts that were so high that they shock the judicial conscience and constitute a denial of justice. Instead the Court erroneously took the total amount of punitive damages awarded by the jury to plaintiff and used

the total amount of punitive damages awarded to determine whether the award was excessive. Punitive damages are available in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. "*Smith v. Wade,*461 U.S. 30, 56, 75 L. Ed. 2d 632, 103 S. Ct. 1625 (1983). Although a jury has wide discretion, a district court may refuse to uphold a punitive damage award when the amount is "so high as to shock the judicial conscience and constitute a denial of justice." *Hughes v. Patrolmen's Benevolent Ass'n of New York, Inc.,* 850 F.2d 876, 883 (2d Cir.) (quoting *Zarcone v. Perry,*572 F.2d 52, 56-57 (2d Cir. 1978)),*cert. denied,*488 U.S. 967, 109 S. Ct. 495, 102 L. Ed. 2d 532 (1988)." If a district court find that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount." *Tingley Sys., Inc. v. Norse Sys., Inc.,*49 F.3d 93, 96 (2d Cir. 1995).

In gauging excessiveness, we must keep in mind the purpose of punitive damages: "to punish the defendant and to deter him and others from similar conduct in the future." *Vasbinder v. Scott,* 976 F.2d 118, 121 (2d Cir. 1992)(citing *Smith,* 461 U.S. at 54). Thus, our task is "to make 'certain that the punitive damages are reasonable in their amount and rational in light of their purpose to punish what has occurred and to deter its repetition.'" *Id.*at 121 (quoting *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 21, 113 L. Ed. 2d 1, 111 S. Ct. 1032 (1991)); *see also BMW of North America, Inc. v. Gore,*134 L. Ed. 2d 809, 116 S. Ct. 1589, 1595 (1996) (punitive damages vindicate a state's legitimate interests in punishment and deterrence). Therefore, a punitive damages award and judgement must be against specific individual defendants and not for a total amount against all defendants.

In the instant case the jury awarded Plaintiff total compensatory damages of $7,000.00 and $20,000.00 in punitive damages against Hudson and $30,000.00 in punitive damages against Rivera. However, even though the jury followed the Jury instructions and found that Detective Rivera's behavior was more egregious than the conduct exhibited by Detective Hudson, this Court failed to analyze whether the  punitive damages meant to punish each individual defendant were excessive given the defendants' individual conduct and instead used the total amount of punitive damages awarded to plaintiff ($50,000) to determine whether the punitive damages award was excessive in total..  The Court's analysis ignores the purpose of punitive damages: "to punish the defendant and to deter him and others from similar conduct in the future." _Vasbinder v. Scott,_ 976 F.2d 118, 121 (2d Cir. 1992).  Using the Court's method of analysis, defendants in Section 1983 cases would benefit and receive less of a punishment in punitive damages when more of their fellow officers engage in egregious misconduct with them.  For example, assuming for the purposes of illustration that there were 100 defendants in this case and a jury found that each defendant was liable to plaintiff for $1,000 in punitive damages, totaling $100,000 in punitive damages.  Using the Court's method of analysis in the illustrative example, the punitive damages award in that would be excessive and remitter would be appropriate because the Court would use the $100,000 total rather than the $1,000 in punitive damages assessed against each defendant in order to determine  whether the punitive damages award was appropriate to punish each defendant.  In such a case it would be difficult to argue that $1,000 in punitive damages would be an excessive punishment for an individual defendant.  For these reasons, the Court must reassess the punitive damages awarded to plaintiff against each defendant, rather than assessing whether the total amount of punitive damages awarded were excessive.

A. **Punitive Damages Award Against Detective Hudson**

In the instant case, the Court already held in its Memorandum and Order, dated August 22, 2019 that when determining an appropriate value for punitive damages "a ratio of 3 to 1" (punitive damages to compensatory damages) is appropriate in this case. Using the Court's own analysis regarding the appropriate ratio, the punitive damages award against defendant Detective Hudson for $20,000 must be upheld because it is less than the 3 to 1 ratio approved by the Court. For these reasons Plaintiff respectfully requests that the Court reconsider its decision to grant defendant a new trial with respect to punitive damages against Defendant Hudson because the jury's award of punitive damages against defendant Hudson does not shock the conscience and is even consistent with this Court's holding that a punitive damages of $21,000 is not excessive.

B. **Punitive Damages Award Against Detective Rivera**

This Court must uphold the jury's punitive damages award of $30,000 against Detective Rivera because the award is not so excessive that it "shocks the conscience." In the instant case, the jury found that Detective Rivera's conduct was more reprehensible than Detective Hudson's conduct and awarded a higher punitive damages award against Detective Hudson, representing a ratio of slightly more than 4 to 1. Although the ratio is slightly greater than the 3 to 1 ratio that the Court held was reasonable, the jury's award of $30,000 in no way shocks the conscience, especially given the fact that jury determined his behavior was more reprehensible.

First, the jury in this case followed the portion of the jury charge involving punitive damages given to it by this Court. Specifically, the Jury was instructed: "The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

The awarding of punitive damages is within your discretion- you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount- it must not reflect bias, prejudice, or sympathy toward any party, but the amount can be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may impose punitive damages against one or both of the defendants and, if the latter, in different amounts." See Court Docket at 78. The jury in this case followed these instructions and carefully assessed the conduct of each defendant, concluding that Defendant Rivera's conduct was more reprehensible. The jury award does not reflect bias, prejudice, or sympathy toward any party. Notably the jury instructions instruct the jury that a punitive damages award should be for a value that would protect the community, punish the officers for their reprehensible conduct and deter the officers from engaging in such conduct again. The instructions to the jury implicitly state that the punitive damages award should not be determined using the award of compensatory damages to plaintiff. Thus, when assessing whether the jury's punitive damages award to defendants in this case "shocks the conscience," it is not shocking in any way that the jury's punitive damage award would be greater than a 3 to 1 ration (punitive damages to compensatory damages). The punitive damages award against Detective Rivera was only slightly greater than the punitive damages award against Detective Hudson and it should not "shock the conscience" that punitive award against Detective Rivera was $10,000 more than the punitive damages award against Detective Hudson when the jury concluded that Detective Rivera's conduct was more reprehensible than Detective Hudson's conduct.

**C. The Jury's Punitive Damages Award in This Case Does Not Shock the Conscience and Should be Upheld Given Second Circuit Precedent.**

Second, in light of the Second Circuit's decision *Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996), remitting a jury award of $200,000 to $75,000 in punitive damages against a police officer who falsely arrested and maliciously prosecuted plaintiff where the plaintiff was awarded $1 in compensatory damages, the Court should not find that the jury's decision in the instant case to award $20,000 in punitive damages against defendant Hudson and $30,000 in punitive damages against defendant Rivera shocks the conscience, as the reprehensible conduct that was allegedly committed by the police officers in both cases is extremely similar in nature. In both cases the police officers were accused of making false statements and falsifying police paperwork, Class A misdemeanors. In *Lee* the punitive damages award was solely for making false statements in a malicious prosecution claim. In the instant case, the defendants allegedly made false statements, fabricated allegations in police paperwork, and withheld exculpatory evidence from a prosecutor. The conduct of the officers in the instant case was arguably far more reprehensible than the conduct by the officer in *Lee*. Moreover, the jury in the instant case awarded punitive damages against the officers that were much lower than the $75,000 in punitive damages awarded to the plaintiff by the Second Circuit in *Lee*. Thus, unless the Court in the instant case holds that the punitive damages awarded to plaintiff by the Second Circuit in *Lee* "shocks the conscience" then it would be inconsistent and reversable error for the Court in the instant case to remit the punitive damages awarded to plaintiff in this case or order a new trial with respect to punitive damages.

**POINT II**

**THE COURT ERRED IN USING THE RATIO BETWEEN COMPENSATORY AND PUNATIVE DAMAGES AS ITS PRIMARY METHOD** FOR CALCULATING A PUNITIVE DAMAGES AWARD THAT DOES NOT "SHOCK THE CONSCIENCE" AND CONSTITUTE A DENIAL OF JUSTICE.

The Court in the instant case erred in using the ratio between compensatory and punitive damages as its primary method for calculating a punitive damages award that does not "shock the conscience" and constitute a denial of justice.   In considering the ratio between a punitive damage award and the actual harm inflicted, the second Gore factor, "the proper inquiry is whether there is a reasonable relationship between the punitive damages award and the harm likely to result from the defendant's conduct as well as the harm that actually occurred." *Gore,*116 S. Ct. at 1602(internal quotation marks and citations omitted). However, the Supreme Court has stressed that the reasonableness of such a relationship is no "simple mathematical formula": Indeed, low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. `A higher ratio may also be justified in cases in which the injury is hard to detect, or the monetary value of noneconomic harm might have been difficult to determine. *Id.*

In *Gore,* the Court found the 500 to 1 ratio in that contract dispute to be "breathtaking." 116 S. Ct. at 1602. But that observation does not necessarily control the fair ratios in a § 1983 case. The Second Circuit has repeatedly held that punitive damages may be awarded in a § 1983 case, even if the compensatory damages are only nominal. *See King v. Macri,* 993 F.2d 294, 297-98 (2d Cir. 1993) (citing cases). The Supreme Court's observations in *Gore* reinforce that view: violations of civil rights may very well be "particularly egregious" acts that result in only "a

small amount of economic damages" or injuries whose monetary value is "difficult to determine." *Gore,*116 S. Ct. at 1602. Because the compensatory award here was $7,000, any appreciable exemplary award would produce a ratio that one could argue appears excessive by this measure.

In *Gore,* a 500 to 1 ratio was "breathtaking." However, in a § 1983 case in which the compensatory damages are small, a much higher ratio can be contemplated while maintaining normal respiration. Since the use of a multiplier to assess punitive damages is not the best tool here, *the must look to the punitive damage awards in other civil rights cases to find limits and proportions*.

When penalties for comparable misconduct are much slighter than a punitive damages award, it may be said that the tortfeasor lacked "fair notice" that the wrongful conduct could entail a substantial punitive award. *See Gore,*116 S. Ct. at 1603*; Patton v. TIC United Corp.,*77 F.3d 1235, 1244 (10th Cir. 1996)*.

According to the Court in this case, the police officers' conduct could have exposed him to a charge of "falsely reporting an incident in the third degree" under New York law, a class A misdemeanor. N.Y. Penal Law § 240.50.  In New York, a person convicted of a class A misdemeanor may be sentenced to a term of imprisonment "not [to] exceed one year," N.Y. Penal Law § 70.15(1), and he or she may be fined by an amount "not exceeding one thousand dollars," N.Y. Penal Law § 80.05, but neither a prison sentence nor a fine is required under New York law.  According to the Circuit, that New York classifies such conduct "as warranting criminal prosecution tends to confirm the appropriateness of the imposition of a punitive award" but "the fact that the offense is only a misdemeanor and that courts are at liberty to impose no

imprisonment or fine whatsoever tend to suggest that New York regards this conduct as occupying the lower echelons of criminality."

However, the Second Circuit also held, that the civil and criminal penalties understate the notice when the misconduct at issue was committed by a police officer. *See Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996) The Second Circuit held that a defendants' training as a police officer gave him notice as to the gravity of misconduct under color of his official authority, as well as notice that such misconduct could hinder his career. Id. Examining the three Gore factors together, we see circumstances that might support a substantial punitive damage award.

In the instant case the Court found that the officers' actions were reprehensible. However, the $7,000 compensatory damage award renders the use of a ratio to limit punitive damages ineffective. Further, although the criminal and civil penalties for comparable conduct are middling, the officers' training as police officers provided them with some notice of the gravity of his conduct.

For these reasons, the reprehensibility of defendants' conduct and the extent to which they had notice of potential penalties support the award of a substantial multiple. The Court in this case must look to other civil rights cases involving police misconduct for assistance in determining whether remitter is justified in this case. As explained, Point II, C *supra,* in light of the Second Circuit's decision *Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996), remitting a jury award of $200,000 to $75,000 in punitive damages against a police officer who falsely arrested and maliciously prosecuted plaintiff where the plaintiff was awarded $1 in compensatory damages, the Court should not find that the jury's decision in the instant case to award $20,000 in punitive damages against defendant Hudson and $30,000 in punitive damages against

defendant Rivera shocks the conscience, as the reprehensible conduct that was allegedly committed by the police officers in both cases is extremely similar in nature.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider the portion of its August 22, 2019, only to the extent that Defendants are granted a new trial on punitive damages unless Plaintiff accepts a reduced punitive damages award totaling $21,000.00; and uphold the jury's award of punitive damages of $20,000.00 in punitive damages against Hudson and $30,000.00 in punitive damages against Rivera.

Dated: New York, New York
      September 5, 2019

By:               /s/
        STUART E. JACOBS
        DAVID M. HAZAN
        JACOBS & HAZAN, LLP
        Attorney for Plaintiff
        30 Vesey Street, 4th Floor
        New York, NY 10007
        (212) 577-2690