UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TERENCE A. NELSON,

                                   Plaintiff,

    -against-

COUNTY OF SUFFOLK, DETECTIVE
WILLIAM HUDSON and DETECTIVE
RALPH RIVERA,

                                  Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-5678 (DRH)(AKT)

**APPEARANCES:**

**For Plaintiff:**
Jacobs & Hazan, LLP
30 Vesey Street, 4th Floor
New York, New York 10007
By:    David M. Hazan, Esq.

**For Defendants:**
Dennis M. Brown
Suffolk County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box. 6100
Hauppauge, New York 11788
By:    Arlene S. Zwilling, Esq.

**HURLEY, Senior District Judge:**

       The purpose of this Order is to address Plaintiff's motion for partial reconsideration of the Court's Memorandum and Order, dated August 22, 2019 (the "2019 Order"), granting in part Defendants' post-trial motion pursuant to Federal Rules of Civil Procedure 50(b) and 59. Specifically, Plaintiff seeks reconsideration of

that portion of the 2019 Order which granted a new trial on punitive damages unless he accepts a reduces punitive damages award totaling $21,000.00.

## BACKGROUND

This case arises out of the detention and arrest of plaintiff Terence Nelson ("Plaintiff" or "Nelson") on November 17, 2011, and his arraignment the following day, after the Ultra Diamonds store at the Deer Park Tanger Outlet Mall reported to the Suffolk County Police Department that a 1 carat diamond bracelet which had been placed on a showcase by store employee Kassandra Messina ("Messina") was missing. That bracelet was found the next day, prior to Plaintiff's arraignment, but the charges against him, grand larceny in the fourth degree, were not dismissed until his second appearance in court on November 23, 2011.

The matter was tried before a jury which returned a verdict in favor of the Nelson and against defendants Detective William Hudson ("Hudson") and Detective Ralph Rivera ("Rivera") (together "Defendants") on each of the claims presented, viz. federal civil rights claims for false arrest, malicious prosecution, and denial of a fair trial/due process and state law claims for false arrest and malicious prosecution. The jury awarded Plaintiff total compensatory damages of $7,000.00 plus $20,000.00 in punitive damages against Hudson and $30,000.00 in punitive damages against Rivera. Defendants filed a post-trial motion seeking judgment as a matter of law or a new trial, pursuant to Federal Rules of Civil Procedure 50(b) and 59. By Order dated August 22, 2019, familiarity with which is presumed, the Court granted the motion solely to the extent that Defendants were granted a new trial on

punitive damages unless Plaintiff accepted a reduced punitive damages award totaling $21,000.00.

## THE POSITION OF THE PARTIES

In his moving papers in support of reconsideration, Plaintiff maintains that the Court erred by looking at the total punitive damages award rather than separately analyzing whether each of the punitive damages awards shocks the judicial conscience and, as so analyzed, should have upheld the awards; alternatively, the Court should determine an appropriate remitter of punitive damages for each individual defendant. (DE 94 at 3-8.) He further argues that the Court "erred in using the ratio between compensatory and punitive damages as its primary method for calculating a punitive damages award that does not shock the conscience." (*Id.* at 9-11.)

Opposing the motion, Defendants maintain that reconsideration is inappropriate because Plaintiff raises arguments that he failed to raise in opposition to Defendant's posttrial motion. (DE3-4.) Additionally, it is argued that he fails to establish that restoration of the original punitive award is required. (*Id.* at 4-8.)

In reply, Plaintiff asserts that reconsideration is appropriate as the Court's "analysis was significantly broader that defendants' arguments in their motion." (DE 98 at 3.) Further, it is argued that the Court "erroneously relied upon the ratio between compensatory and punitive damages to determine the award was excessive," an analysis that contradicts the jury charge. (*Id.* at 6-7.) Lastly, he

maintains that the "Defendants did not establish that the punitive damages awards outweighed the reprehensibility of the officers' actions." (*Id.* at 8.)

## DISCUSSION

### I. Applicable Standard – Motion for Reconsideration

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not

previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.,* 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision.

## II. Application

In determining whether reconsideration is appropriate, the Court begins with a brief overview of the arguments raised vis a vis punitive damages in the original post trial motion papers.[1] Defendants' argument in support of remittitur is aptly summarized by the following excerpt from their moving papers:

> The jury awarded Nelson punitive damages against Det. Hudson of $20,000 and against Det. Rivera of $30,000, for a total of $50,000, more than 7 times the amount of compensatory damages awarded. Under Rule 59, the Court has the power to issue an order directing Nelson to accept a reduced amount of punitive damages or submit to a new trial. Respectfully, the excessiveness of the punitive damages award warrants the exercise of the Court's Rule 59 authority.

(DE 90 at ECF p. 28.) In response, after citing case law with respect to the purpose of punitive damages with respect to § 1983 claims, the entirety of Plaintiff's opposition was as follows:

---

[1] The Court notes parenthetically, that in their original motion papers neither party addressed all three guideposts for evaluating whether punitive damages are "fair, reasonable, predictable and proportionate" set by the Supreme Court in *BMW of N. America v. Gore*, 517 U.S. 559 (1996) as further mandated by the Second Circuit in *Payne v. Jones*, 711 F.3d 85, 101 (2d Cir. 2013). Defendants focused solely on the relationship of punitive damages to compensatory damages and Plaintiff mentioned only the conduct at issue in an at best cursory fashion.

> In light of the fact that the jury in this case reached a verdict finding that defendants fabricated evidence that was provided to the District Attorney's Office and withheld exculpatory evidence from the District Attorney's Office that would have exonerated plaintiff of the crime he was accused of committing before he was arraigned, punitive damages are warranted against defendants to deter them and other police officers from engaging in such unlawful conduct in the future. The punitive damages of $20,000 against defendant Detective Hudson and $30,000 against defendant Detective Rivera are not excessive in any way. For these reasons the Court should deny defendants motion for remitter of the punitive damages award or in the alternative a new trial.

(DE 91 at ECF p. 30.)

The Court is hard pressed to discern from the forgoing the proposition currently advanced in Plaintiff's moving papers seeking reconsideration, i.e. that the punitive damages awarded against each defendant must be separately analyzed, when the defendants' attack is confined to the total amount of the punitive award rather than the amount assessed against the individual officers. Additionally, the Court notes the absence of any reasoned discussion of each of the *Gore* factors in Plaintiff's opposition to the post-trial motion, an omission he undertakes to remedy in current submission. The purpose of reconsideration, however, is not to provide a second bite at the apple. *See Eaton & Van Winkle, LLP v. Yunling Ren*, 2020 WL 1244135, at *1 (S.D.N.Y., 2020) ("'A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'") (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The Court is also constrained to note that Plaintiff's reply in support of his motion for reconsideration improperly raises a number of

arguments absent from both his opposition to the post-trial motion and his initial moving paper on the current application. *See, e.g., Scott v. Westchester Cty.*, 2020 WL 364251, at *4 (S.D.N.Y. Jan. 22, 2020) ("Arguments made for the first time in a reply brief need not be considered by a court.") (internal quotation marks omitted); *Tutor Time Learning Centers, LLC v. GKO Grp., Inc.*, 2013 WL 5637676, at *1 (S.D.N.Y. Oct. 15, 2013) ("[A]rguments raised for the first time in a reply memorandum . . . need not be considered."); *see also United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018) ("[I]t is well-settled that we will not usually entertain an argument made for the first time in a reply brief.")

Nevertheless, the Court will briefly address why Plaintiff's arguments are unpersuasive.

Plaintiff's application is devoid of any authority for the proposition that the punitive damages award must be separately analyzed as to each defendant and the Court has found none. In fact, in *Wallace v. Suffolk County Police Dep't*, 2010 WL 3835882 (E.D.N.Y. Sept. 24, 2010), the Court, in finding the punitive damages award excessive, addressed the issue by analyzing the total compensatory award vis a vis the total punitive damages awarded against the three defendants. Moreover, such an analysis is appropriate here, given that the jury found against both defendants on each of Plaintiff's claims and there was but one compensatory damages award against the two defendants. In such a situation, to separately analyze the *Gore* factors, particularly the second one, i.e., the ratio of compensatory to punitive damages, would surely skew the results.

Plaintiff further complains that the Court "erred in using the ratio between compensatory and punitive damages as its primary method for calculating a punitive damages award that does not 'shock the conscience' and constitute a denial of justice." (Pl.'s Mem. at 9.) As the Court explained in the August 2019 Order the Court specifically stated: "While Defendants focus exclusively upon the second *Gore* factor, consideration of the other factors is appropriate. Indeed, the first *Gore* factor, the reprehensibility of defendants' conduct is '[p]erhaps the most important indicium of the reasonableness of a punitive damages award'" (August 2019 Order at 31 (quoting *Gore*, 517 U.S. at 575).) The Court then proceeded to discuss the aggravating factors that the Second Circuit has identified as associated with particularly reprehensible conduct, (a topic Plaintiff addressed in a cursory fashion)[2], before turning to the other *Gore* factors. In other words, the Court focused on all three factors in finding remittitur was appropriate and granting defendants a new trial on punitive damages unless Plaintiff accepted a reduced damages award totaling $21,000.00.

As requested by Plaintiff, if the remittitur is accepted, the Court will enter judgment reflecting punitive damages against each defendant in the same proportion as they were awarded by the jury. In other words, the judgment will reflect $8,400 in punitive damages against Defendant Hudson and $12,600 in punitive damages against Defendant Rivera.

---

[2] For example, Plaintiff's current application and especially his reply relies upon *Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996), a case not even mentioned in his opposition to Defendants' post trial motion. (*See* DE 92 at iii-v.)

In his reply Plaintiff complains that the analysis employed by the Court in its August 2019 Order is "reversible error" as it "contradict(s) the jury charge" in that the charge did not direct the jury to consider the"("1) relationship of the punitive damages to the compensatory damages, or (2) criminal and civil penalties imposed by the state's law for the misconduct in question when determining the value of the punitive damages award." (Pl.'s Rep. 6-7.) Firstly, as noted earlier, this argument is improperly raised for the first time in reply and therefore need not be considered. In any event, it is without merit. The Court's charge to the jury on punitive damages was taken directly from 4 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-5. Further, the Court's analysis of the punitive damages award for excessiveness comported with the factors set forth by the Supreme Court in *Gore*, which factors the Second Circuit has held are applicable to Section 1983 actions. *See, e.g., Payne v. Jones*, 711 F.3d 85, 101 (2d Cir. 2013).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied and the Court adheres to its earlier determination. Plaintiff must advise the Court within twenty (20) days of the date hereof whether he accepts the remittitur.

**SO ORDERED.**

Dated: Central Islip, New York　　　　s/ Denis R. Hurley
　　　　May 20, 2020　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　United States District Judge